KILPATRICK TOWNSEND & STOCKTON LLP
Nancy L. Stagg (CA SBN 157034)
nstagg@ktslaw.com
X. DIEGO WU MIN (CA SBN 317488)
dwu@ktslaw.com
Telephone:858 350 6156
Facsimile: 858 350 6111

Attorneys for Defendant
OLÉ MEXICAN FOODS, INC.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET GAMBINO, *individually and on behalf of all those similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> OLÉ MEXICAN FOODS, INC., *a Georgia Corporation*, <br><br> Defendant. | Case No.  5:25-CV-00497 <br><br> **DEFENDANT OLÉ MEXICAN FOODS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT** <br><br> Complaint Filed: February 25, 2025 |

Defendant Olé Mexican Foods, Inc. ("Defendant Olé") answers Plaintiff Janet Gambino's ("Plaintiff") Class Action Complaint (the "Complaint") as follows:

## PARTIES

1.      Defendant Olé is without sufficient knowledge to admit or deny the allegations in paragraph 1 of the Complaint and on that basis denies the allegations.

2.      Defendant Olé admits that it is a Georgia corporation with its principal place of business in Norcross, Georgia, but denies the remaining allegations in paragraph 2.

## JURISDICTION

3.      Defendant Olé denies the allegations in paragraph 3 and denies that this is a proper class action.

4.      Defendant Olé admits that Plaintiff "seeks to represent Class members who are citizens of states" but denies that Plaintiff is an adequate representative and

denies that this is a proper class action. Except as specifically admitted, Defendant denies the remaining allegations in paragraph 4.

5.    Defendant Olé denies the allegations in paragraph 5 of the Complaint.

6.    Defendant Olé denies the allegations in paragraph 6 of the Complaint.

7.    Defendant Olé denies the allegations in paragraph 7 of the Complaint.

8.    Defendant Olé admits that this Court has personal jurisdiction over it, for purposes of this lawsuit, and denies the remaining allegations in paragraph 8.

9.    Defendant Olé admits that it distributes and/or sells its products in California and denies the remaining allegations in paragraph 9.

10.    Defendant Olé denies the allegations in paragraph 10 of the Complaint.

11.    Defendant Olé admits that it distributes and/or sells its products in California and denies the remaining allegations in paragraph 11.

12.    Defendant Olé denies the allegations in paragraph 12 of the Complaint.

13.    Defendant Olé denies the allegations in paragraph 13 of the Complaint.

14.    Defendant Olé admits that this Court has personal jurisdiction over it, for purposes of this lawsuit, and denies the remaining allegations in paragraph 14.

## **FACTUAL ALLEGATIONS**

15.    Defendant Olé is without sufficient knowledge to admit or deny the allegations in paragraph 15 and on that basis denies the allegations.

16.    Defendant Olé is without sufficient knowledge to admit or deny the allegations in paragraph 16 and on that basis denies the allegations.

17.    Defendant Olé is without sufficient knowledge to admit or deny the allegations in paragraph 17 and on that basis denies the allegations.

18.    Defendant Olé is without sufficient knowledge to admit or deny the allegations in paragraph 18 and on that basis denies the allegations.

19.    Defendant Olé admits that the product packaging depicted in the Complaint contains the statement "4g net carbs per serving" but denies the remaining allegations in paragraph 19.

DEFENDANT'S ANSWER TO CLASS ACTION COMPLAINT
CASE NO. 5:25-CV-00497

20.     Defendant Olé admits that the product packaging depicted in the Complaint contains the statements "High Fiber," "Carb Friendly," and "Keto Certified," but denies the remaining allegations in paragraph 20.

21.     Defendant Olé admits that the product packaging depicted in the Complaint contains the referenced calculation but denies the remaining allegations in paragraph 21.

22.     Defendant Olé admits that the product packaging depicted in the Complaint contains the referenced calculation but denies the remaining allegations in paragraph 22.

23.     Defendant Olé denies the allegations in paragraph 23 of the Complaint and further denies that Plaintiff's purported testing is reliable or valid.

24.     Defendant Olé denies the allegations in paragraph 24 of the Complaint and further denies that Plaintiff's purported testing is reliable or valid.

25.     Defendant Olé denies the allegations in paragraph 25 of the Complaint and further denies that Plaintiff's purported testing is reliable or valid.

26.     Defendant Olé denies the allegations in paragraph 26 of the Complaint and further denies that Plaintiff's purported testing is reliable or valid.

27.     Defendant Olé denies the allegations in paragraph 27 of the Complaint and further denies that Plaintiff's purported testing is reliable or valid. Defendant Olé further denies that the referenced statements are actionable.

28.     Defendant Olé denies the allegations in paragraph 28 of the Complaint.

29.     Defendant Olé denies the allegations in paragraph 29 of the Complaint.

30.     Paragraph 30 of the Complaint is a statement of Plaintiff's legal contentions to which no response by Defendant Olé is necessary.

31.     Defendant Olé denies the allegations in paragraph 31 of the Complaint.

32.     Defendant Olé denies the allegations in paragraph 32 of the Complaint.

33.     Defendant Olé denies the allegations in paragraph 33 of the Complaint.

34.     Defendant Olé denies the allegations in paragraph 34 of the Complaint.

DEFENDANT'S ANSWER TO CLASS ACTION COMPLAINT
CASE NO. 5:25-CV-00497

## **CLASS ACTION ALLEGATIONS**

35.    Defendant Olé admits that Plaintiff purports to bring this action "individually and as a representative of all those similarly situated" but denies that Plaintiff is an adequate class representative and further denies that this action is a proper class action. Except to the extent specifically admitted, Defendant denies the remaining allegations in paragraph 35.

36.    Defendant Olé admits that it and its "affiliates, parents, subsidiaries, employees, officers, agents, and directors," and "any judicial officers presiding over this matter and the members of their immediate families and judicial staff" should be "excluded" from the purported class action but denies that this action is a proper class action. Except to the extent specifically admitted, Defendant denies the remaining allegations in paragraph 36.

37.    The allegations in paragraph 37 of the Complaint are Plaintiff's legal contentions and do not require a response. To the extent a response is required, Defendant Olé denies the allegations in paragraph 37.

38.    Defendant Olé denies the allegations in paragraph 38 of the Complaint.

39.    Defendant Olé denies the allegations in paragraph 39 of the Complaint.

40.    Defendant Olé denies the allegations in paragraph 40 of the Complaint and subparts (a)–(g) within.

41.    Defendant Olé denies the allegations in paragraph 41 of the Complaint.

42.    Defendant Olé denies the allegations in paragraph 42 of the Complaint.

43.    Defendant Olé denies the allegations in paragraph 43 of the Complaint.

44.    Defendant Olé denies the allegations in paragraph 44 of the Complaint.

45.    Defendant Olé denies the allegations in paragraph 45 of the Complaint.

46.    Defendant Olé denies the allegations in paragraph 46 of the Complaint.

47.    Defendant Olé denies the allegations in paragraph 47 of the Complaint.

48.    Defendant Olé denies the allegations in paragraph 48 of the Complaint and subparts (a)–(d) within.

DEFENDANT'S ANSWER TO CLASS ACTION COMPLAINT
CASE NO. 5:25-CV-00497

49.    Defendant Olé denies the allegations in paragraph 49 of the Complaint.

50.    Defendant Olé denies the allegations in paragraph 50 of the Complaint.

51.    Defendant Olé denies the allegations in paragraph 51 of the Complaint.

52.    Defendant Olé denies the allegations in paragraph 52 of the Complaint.

53.    Defendant Olé denies the allegations in paragraph 53 of the Complaint.

## COUNT 1
## VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT
### CAL. CIV. CODE § 1750 *et seq.*

54.    The allegations in paragraph 54 do not require a response. To the extent a response is required, Defendant Olé denies the allegations in paragraph 54.

55.    Defendant Olé is without sufficient knowledge to admit or deny the allegations in paragraph 55 and on that basis Defendant denies the allegations in paragraph 55.

56.    Paragraph 56 of the Complaint contains Plaintiff's legal contentions to which no response is required. To the extent a response is required, Defendant Olé denies the allegations in paragraph 56.

57.    Paragraph 57 of the Complaint contains Plaintiff's legal contentions to which no response is required. To the extent a response is required, Defendant Olé denies the allegations in paragraph 57.

58.    Defendant Olé denies the allegations in paragraph 58 of the Complaint.

59.    Paragraph 59 of the Complaint and subparts (a)–(e) within contain Plaintiff's legal contentions to which no response is required. To the extent a response is required, Defendant Olé denies the allegations in paragraph 59.

60.    Defendant Olé denies the allegations in paragraph 60 of the Complaint.

61.    Defendant Olé denies the allegations in paragraph 61 of the Complaint.

62.    Defendant Olé denies the allegations in paragraph 62 of the Complaint.

63.    Defendant Olé denies the allegations in paragraph 63 of the Complaint.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COUNT 2
## UNJUST ENRICHMENT

64.    The allegations in paragraph 64 do not require a response. To the extent a response is required, Defendant Olé denies the allegations in paragraph 64.

65.    Paragraph 65 of the Complaint contains Plaintiff's legal contentions to which no response is required. To the extent a response is required, Defendant Olé denies the allegations in paragraph 65.

66.    Defendant Olé denies the allegations in paragraph 66 of the Complaint.

67.    Defendant Olé denies the allegations in paragraph 67 of the Complaint.

68.    Defendant Olé denies the allegations in paragraph 68 of the Complaint.

69.    Defendant Olé denies the allegations in paragraph 69 of the Complaint.

70.    Defendant Olé denies the allegations in paragraph 70 of the Complaint.

71.    Defendant Olé admits that Plaintiff seeks the referenced relief but denies that Plaintiff, or members of the purported class, are entitled to such relief. Except as specifically admitted, Defendant denies the allegations in paragraph 71.

72.    Defendant Olé denies the allegations in paragraph 72 of the Complaint.

## COUNT 3
## BREACH OF EXPRESS WARRANTY

73.    The allegations in paragraph 73 do not require a response. To the extent a response is required, Defendant Olé denies the allegations in paragraph 73.

74.    Defendant Olé admits that it designed, manufactured, marketed, distributed, and/or sold the referenced products and states that the products' packaging speaks for itself. Except as specifically admitted, Defendant denies the allegations in paragraph 74.

75.    Paragraph 75 of the Complaint contains Plaintiff's legal contentions to which no response is required.  To the extent that a response is required, Defendant Olé denies the allegations in paragraph 75.

76.    Defendant Olé denies the allegations in paragraph 76.

DEFENDANT'S ANSWER TO CLASS ACTION COMPLAINT
                                                        CASE NO. 5:25-CV-00497

77.    Defendant Olé denies the allegations in paragraph 77.

## PRAYER FOR RELIEF

Defendant Olé denies that Plaintiff, or members of the purported class, are entitled to the relief stated in the "Prayer for Relief" paragraph of the Complaint.

## AFFIRMATIVE DEFENSES

Defendant Olé asserts the following separate affirmative defenses to the Complaint. By asserting these affirmative defenses, Defendant Olé is not altering the burden of proof or burden of going forward with evidence which otherwise exists with respect to any particular issue in this case. All defenses are pleaded in the alternative and do not constitute an admission of liability or that Plaintiff or the purported class are entitled to any relief whatsoever. All defenses pleaded below are based upon Defendant's current understanding of the claims asserted by Plaintiff, and Defendant reserves the right to plead additional defenses when and if they become appropriate and/or available in this action.

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Some or all of the claims of Plaintiff and/or members of the putative class are barred for lack of standing.

### Third Affirmative Defense

Some or all of the claims of Plaintiff and/or members of the putative class are barred by the applicable statute of limitations.

### Fourth Affirmative Defense

Injury, if any, suffered by Plaintiff and/or putative Class Members did not result from and was not proximately caused by any wrongful conduct on the part of Defendant Olé .

### Fifth Affirmative Defense

Some or all of the claims of Plaintiff and/or putative Class Members are barred

DEFENDANT'S ANSWER TO CLASS ACTION COMPLAINT
CASE NO. 5:25-CV-00497

because they have not sustained any ascertainable loss or damages.

### Sixth Affirmative Defense

This action may not be maintained as a class action because, among other reasons, (a) Plaintiff is not an adequate class representatives and cannot fairly and adequately protect the interests of the purported class; (b) individual issues of law or fact predominate over any common questions; (c) a class action is not a superior method for the fair and efficient adjudication of the controversy; (d) none of the other requirements of maintaining this action as a class action have been met; (e) the asserted class is not properly defined; (f) the asserted class is not ascertainable; and (g) the asserted class includes members who have suffered no injury

### Seventh Affirmative Defense

This action may not be maintained as a class action because, among other reasons, Plaintiff cannot establish liability, injury, or damages by common proof.

### Eighth Affirmative Defense

The claims of Plaintiff and/or any member of the putative class who received a refund for their purchases of the Products at issue are barred by that prior payment.

### Ninth Affirmative Defense

Any recovery received by Plaintiff and any member of the putative class should be offset by the amount of any refunds they have received for the purchases of the Products at issue.

### Tenth Affirmative Defense

Plaintiff and/or members of the putative class are barred from recovery for breach of warranty because of lack of privity.

### Eleventh Affirmative Defense

Plaintiff and the putative class have an adequate remedy at law and therefore are not entitled to injunctive relief.

- 8 -

1

### **Twelfth Affirmative Defense**

2      Each of the claims stated in the Complaint are barred by the doctrine of

3  preemption.

4

### **Thirteenth Affirmative Defense**

5      Defendant's alleged conduct is privileged as nonactionable puffery.

6

### **Fourteenth Affirmative Defense**

7      Each of the claims stated in the Complaint are barred by the doctrine of estoppel

8  (spoliation).

9

### **Fifteenth Affirmative Defense**

10     Each of the claims stated in the Complaint are barred by the doctrine of waiver.

11

### **Sixteenth Affirmative Defense**

12     Each of the claims stated in the Complaint are uncertain (vague and ambiguous)

13  as a matter of law and therefore barred.

14

### **Seventeenth Affirmative Defense**

15      Defendant Olé reserves the right to assert any further defenses that may become

16  applicable as this action proceeds.

17     ///

18     ///

19     ///

20     ///

21     ///

22     ///

23     ///

24     ///

25     ///

26     ///

27     ///

28     ///

DEFENDANT'S ANSWER TO CLASS ACTION COMPLAINT
                                         CASE NO. 5:25-CV-00497

1

## **PRAYER FOR RELIEF**

2      WHEREFORE, Defendant Olé Mexican Foods, Inc. prays for judgment as

3  follows:

4      1.    That Plaintiff and the putative class take nothing and the Complaint be

5  dismissed in its entirety with prejudice;

6      2.    That judgment be entered in Defendant's favor;

7      3.    That Defendant be awarded all costs of suit incurred by it in this action;

8      4.    That Defendant be awarded its attorneys' fees; and

9      5.    That Defendant be awarded such other and further relief as the Court

10  deems just and proper.

11

Dated:      April 25, 2025

12

13                          KILPATRICK TOWNSEND & STOCKTON
                            LLP
14

15

16                          /s/ Nancy L. Stagg
                            NANCY L. STAGG
17
                            Attorneys for Defendant
18                          OLE MEXICAN FOODS, INC.

19

20

21

22

23

24

25

26

27

28

- 10 -